[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a post judgment motion to modify periodic alimony payments. He claims that the defendant's full-time employment and increased weekly income constitute "a substantial change in circumstance" which warrants the modification.
A contested hearing on the motion was held on October 4, 2001. The plaintiff, appearing pro se, testified and offered three exhibits into CT Page 14033 evidence. The defendant was represented by counsel. She also testified at the hearing, and submitted six exhibits into evidence.
The court has carefully considered all of the evidence adduced at hearing, the parties financial affidavits and the provisions of Conn. Gen. Stat. § 46b-86.
 FACTUAL FINDINGS
The following facts were proven by a preponderance of the evidence at the modification hearing:
The parties were married on October 13, 1989 and have two minor children, Joseph who was born on January E, 1992, and Nicholas whose date of birth was March 31, 1995.
On January 19, 2001, the Honorable John D. Brennan, Judge Trial Referee, entered a decree dissolving the parties' marriage. The court approved and incorporated into its judgment an agreement of the parties which contained, inter alia, provisions pertaining to custody of the minor children, child support, and alimony.
The parties were awarded joint legal custody of the minor children. The judgment provided that the children's primary place of residence was to be with the defendant.
The plaintiff was ordered to pay child support to the defendant in the amount of $344.00 per week.
The plaintiff was also ordered to pay "modifiable alimony" to the defendant for seven years in the amount of $350.00 per week.
On the date of dissolution the defendant, a high school graduate, was earning net weekly income of $103.00 as a school paraprofessional. Credible evidence at hearing established that both parties believed at the time of dissolution that the defendant had a gross annual earning capacity of approximately $20,000.00. The agreement which was signed by the parties and submitted to the court on January 19, 2001 also contained the following language: "Wife agrees to make good faith efforts to secure employment full-time." ("Agreement and Stipulation for Judgment", dated January 19, 2001, para. 12).
The plaintiff was earning net wages of $1,007.31 per week at the time of dissolution.
The defendant has since obtained full-time employment as a CT Page 14034 receptionist. She works 37 1/2 hours per week for $11.50 per hour, and receives total net weekly wages of $334.00. The plaintiff's October 4, 2001 financial affidavit reflects current net wages of $1,167.32 per week.
Accordingly, in the ten month period which has elapsed since the date of dissolution, the plaintiff's net wages have increased by $160.00 per week and the defendant's net salary has increased by the sum of $226.00 per week.
Defendant's gross annual income as a receptionist is now $23,036.00. As noted above, at the time of dissolution both parties imputed an annual income capacity of approximately $20,000.00 per year to the defendant. They agreed then that the defendant would attempt to obtain full-time employment. The defendant has now fulfilled that expectation.
Based on all of the foregoing, the court cannot find by a preponderance of the evidence that there has been substantial change in the circumstances of either party.
The plaintiff's motion to reopen and modify the alimony provision of the January 19, 2001 judgment is therefore DENIED.
BY THE COURT
Dyer, J.